UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHERAME CRUZ, SIDNEY CARRILLO, JANINE CHUNG, CORINA ELMORE, APRIL ERENBERG, JENNIFER FUKUMITSU, GAIL GOODRICH, OLIVIA LESSARD, FAITH NICKELSEN, CYNTHIA PENA, GINA PUEN, LUCRETIA FIELDING, ED FLORES, LON SPENCER, NYDA TOLENTINO, SHARYN ABE, CLIFFORD CHANG, KYLIE GALANG, KIMBERY MEDEIROS, KENDRA MYRICK, LALANIE TRUJILLO,<br><br>              Plaintiffs,<br><br>     vs.<br><br>KAISER FOUNDATION HOSPITALS, MAUI HEALTH SYSTEM, A KAISER FOUNDATION HOSPITALS LLC;  DOES 1-20,  KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>              Defendants. | CIV. NO. 23-00630 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART: KAISER FOUNDATION HOSPITAL'S MOTION TO DISMISS CLAIMS OF PLAINTIFF ED FLORES; KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS CLAIMS OF PLAINTIFF KIMBERLY MEDEIROS; AND MAUI HEALTH SYSTEM'S MOTION TO DISMISS CLAIMS OF PLAINTIFF KENDRA MYRICK**

Before the Court are Kaiser Foundation Hospitals'
("Kaiser Hospital") Motion to Dismiss Claims of Plaintiff Ed
Flores ("Flores Motion"), Kaiser Foundation Health Plan, Inc.'s
("Kaiser Health Plan") Motion to Dismiss Claims of Plaintiff
Kimberly Medeiros ("Medeiros Motion"), and Maui Health System's
Motion to Dismiss Claims of Plaintiff Kendra Myrick ("Myrick

Motion"), all filed on December 12, 2024.[1] [Dkt. nos. 41-43.] Plaintiff Ed Flores ("Flores"), Plaintiff Kimberly Medeiros ("Medeiros"), and Plaintiff Kendra Myrick ("Myrick") filed their respective memoranda in opposition on January 10, 2025. [Dkt. nos. 63-65.] Kaiser Hospital, Kaiser Health Plan, and Maui Health System filed their respective replies on January 17, 2025. [Dkt. nos. 68-70.] The Court finds the motions suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. The Motions to Dismiss are granted insofar as all claims brought by Flores, Medeiros, and Myrick are dismissed, and denied insofar as the dismissal is without prejudice.

<u>BACKGROUND</u>

The operative complaint is the Second Amended Complaint for Employment Discrimination (Religious), filed May 1, 2024 ("Second Amended Complaint"). [Dkt. no. 26.] This case arises from the alleged failure by Kaiser Hospitals, Kaiser Health Plan, Maui Health System, and Does 1-20 (collectively "Defendants" or "Kaiser") to exempt Plaintiffs Cherame Cruz, Sidney Carrillo, Janine Chung, Corina Elmore, April Erenberg

---

[1] Maui Health System is a Kaiser Foundation Hospitals LLC. <u>See</u> Second Amended Complaint for Employment Discrimination (Religious), filed May 1, 2024, (dkt. no. 26) at ¶ 29.

("Erenberg"), Jennifer Fukumitsu, Gail Goodrich, Olivia Lessard, Faith Nickelson, Cynthia Pena, Gina Puen, Lucretia Fielding, Flores, Lon Spencer, Nyda Tolentino, Sharyn Abe, Clifford Chang, Kylie Galang, Medeiros, Myrick, and Lalaine Trujillo ("Plaintiffs") from Defendants' mandatory COVID-19 vaccine policy due to their religious beliefs, resulting in all but one Plaintiffs' termination of employment. See Second Amended Complaint at ¶¶ 6-30, 33-34, 107-08, 111, 168, 173.

Plaintiffs allege that, on August 6, 2021, Kaiser instituted a policy requiring all of its employees and physicians to be fully vaccinated for COVID-19 ("Policy"). [Id. at ¶¶ 33-34.] The Policy allowed the following exceptions:

- Unvaccinated employees who have tested for the covid virus and while their results are pending, may continue working if they are asymptomatic; and

- Unvaccinated "[r]emote workers must show negative COVID test less than 48 hours old if they are going to a KP[2] hospital or medical office to work but otherwise are not required to test (but are not required to test more than twice weekly).

[Id. at ¶ 49 (brackets in original) (footnotes and emphasis omitted).] Further, Plaintiffs allege that the Policy did not apply to Kaiser physicians who were covered by other

---

[2] KP presumably refers to Kaiser Permanente.

policies, thereby exempting physicians from the mandatory
COVID-19 vaccination requirement. [Id. at ¶ 53 & n.9.]

Plaintiffs allege each plaintiff submitted a
timely request for accommodation from the Policy based on
their religious belief, which Kaiser provisionally approved
[Id. at ¶¶ 64-66.] Afterward, Kaiser stated:

> it has come to our attention that many employees
> have submitted similar or nearly identical
> exemption requests containing language that was
> taken verbatim from various free and paid
> template forms available on the internet.
>
> Even more concerning are the discussions we have
> seen occurring in internet chat groups in which
> Kaiser Permanente employees have been exchanging
> strategies for avoiding the vaccine mandate and
> distributing language and phrases that seem to be
> designed to create the appearance of a legitimate
> religious exemption instead of actually based on
> a sincerely held religious belief.

[Id. at ¶ 74.] Plaintiffs allege that Kaiser conducted a "bad
faith retaliatory inquisition," in which Kaiser required each
plaintiff to answer the same set of questions concerning their
inability to take the COVID-19 vaccine. Id. at ¶ 74; see also
¶ 73.

Plaintiffs allege that Kaiser did not review their
submissions on a case-by-case basis, [id. at ¶¶ 93, 102,] and
did not restrict its inquiry into just whether Plaintiffs'
beliefs were sincerely held, and whether the beliefs conflicted
with the Policy's COVID-19 vaccination requirement, [id. at

4

¶ 101]. Plaintiffs allege Kaiser rejected Plaintiffs' requests because Kaiser "assumed Plaintiffs were motivated in bad faith by insincere religious belief or by secular beliefs, simply because Plaintiff **may** have relied on help from others to draft their responses." [Id. at ¶ 103.]

As to all of the plaintiffs except Erenberg, Kaiser revoked the preliminary approval for accommodation and placed them on involuntary unpaid leave with the threat of job termination. [Id. at ¶¶ 111, 158-59.] These plaintiffs did not take the COVID-19 vaccine, and Kaiser ultimately terminated each of them, with the exception of Erenberg. [Id. at ¶¶ 113-14, 158-59.]

Plaintiffs also allege that Kaiser's 2023 Annual Subscriber Notice excludes religion from its list of protected categories on the "Nondiscrimination Notice." [Id. at ¶¶ 177-80.]

I. **Flores**

Flores worked as a Department Tech for Kaiser. [Id. at ¶ 139.] In support of his request for accommodation, he stated:

> In my Christian faith, I believe that my body is a temple of the Holy spirit. "Know ye not that you are the temple of God, and that the Spirit of God dwelleth in you? If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are. What know ye not that your body is a temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own?" 1 Corinthians 3:16, 6:19 (KJV).

* * *

> I put this belief into practice in every area of
> my life. . . . Everyday I follow my Lord Jesus
> Christ and I pray and ask for His mercy, grace,
> and protection upon everyone.

[Id. at ¶ 140 (alterations in Second Amended Complaint).]

## II. Medeiros

Medeiros was a Medical Assistant for Kaiser. [Id. at
¶ 153.] In support of her request for accommodation, she
provided a letter from her pastor, which stated in part that
Medeiros:

> objects to the Covid 19 vaccine or any other
> future vaccine requirements . . . as it goes
> against her religious beliefs and her right to
> practice her faith in her God. . . . Mrs. []
> Mederios [sic] believes in Jesus Christ as her
> Lord and savior, and she believes in the gospel
> of Jesus Christ and that he died for man's
> sins. . . . We respectfully ask . . . that you
> kindly respect Mrs. Mederios' [sic] [decision]
> NOT to take the Covid 19 vaccine . . . due to her
> religious beliefs and faith in her God.

[Id. at ¶ 154 (some alterations in Second Amended Complaint).]

## III. Myrick

Myrick was a Credentialing Specialist for Kaiser. [Id.
at ¶ 155.] In support of her request for accommodation, she
stated:

> My ethical and moral beliefs as a Christian do
> not allow me to receive this vaccine. My beliefs
> are a comprehensive guide to my daily life
> choices. I strive to honor God in all I do. God's
> word tells me to keep my body pure. Therefore, I

6

cannot receive a Covid vaccine under any
circumstances.

We are taught not to be afraid and that we have
divine protection. In God and in Jesus Christ, I
Trust. . . . My sincerely held ethical and moral
beliefs are universal, encompassing my belief and
faith in Jesus Christ and I cannot violate my
conscience, given to me by God.

[Id. at ¶ 155 (alteration in Second Amended Complaint).]

## IV.  **Plaintiffs' Claims and the Motions**

Plaintiffs allege the following claims against Kaiser:
discrimination based on religion in violation of Title VII of
the Civil Rights Act of 1964, Title 42 United States Code
Section 2000e *et. seq.* ("Title VII") ("Count I"); [id. at
¶¶ 188-94;] and retaliation in violation of Title VII ("Count
II"); [id. at ¶¶ 195-204]. All Plaintiffs except for Erenberg,
Spencer, and Tujillo also allege the following claims against
Kaiser: a failure to accommodate religious discrimination claim
pursuant to Hawai`i Revised Statutes Section 378-2(a)(1) ("Count
III"); [id. at ¶¶ 205-207;] and retaliation in violation of
Section 378-2(a)(2) ("Count IV"); [id. at ¶¶ 208-10]. Finally,
Plaintiffs allege a claim against Does 1-50[3] for aiding and
abetting in violation of Section 378-2(a)(3) ("Count V"), [id.

---

[3] Count V is alleged against Does 1-50, however, the
Plaintiffs only name Does 1-20 in the section of the Second
Amended Complaint identifying the parties. Compare Second
Amended Complaint at pg. 2 and ¶ 32 with Second Amended
Complaint at ¶ 205.

at ¶¶ 204-07]. Plaintiffs seek monetary damages, including lost compensation and benefits, damages for pain and suffering, and punitive damages; attorneys' fees and costs; interest; and any other appropriate relief. [Id. at pgs. 58-59.]

The Flores Motion, Medeiros Motion, and Myrick Motion are all brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and seek dismissal of all of Flores's, Medeiros's, and Myrick's claims with prejudice and without leave to amend. [Flores Motion at 2; Medeiros Motion at 2; Myrick Motion at 2.]

**DISCUSSION**

**I.    Religious Accommodation Claims – Counts I and III**

Defendants argue that Flores's, Myrick's and Medeiros's failure-to-accommodate religious discrimination claims fail as a matter of law because they did not adequately allege that: (1) they held a religious belief that actually conflicted with receiving the COVID-19 vaccine; and (2) they adequately informed Kaiser of the conflict between their religious beliefs and the Policy's vaccination requirement. [Flores Motion, Mem. in Supp. at 7-12; Medeiros Motion, Mem. in Supp. at 7-11; Myrick Motion, Mem. in Supp. at 7-12.]

Among other things, Title VII prohibits an employer from discriminating against an employee on the basis of religion. 42 U.S.C. § 2000e-2(a). Similarly, Hawai`i Revised Statutes Section 378-2 makes it unlawful for an employer to

8

discharge or "to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment" on the basis of religion, Haw. Rev. Stat. § 378-2(a)(1)(A). "Hawaii courts analyzing a claim of discrimination under Chapter 378 look to federal courts' interpretations of Title VII for guidance." Aoyagi v. Straub Clinic & Hosp., Inc., 140 F. Supp. 3d 1043, 1056 (D. Hawai`i 2015) (citing Arquero v. Hilton Hawaiian Vill. LLC, 104 Hawai`i 423, 91 P.3d 505, 511–12 (2004); Shoppe v. Gucci Am., Inc., 94 Hawai`i 368, 14 P.3d 1049, 1058 (2000)).

Courts analyze Title VII religious discrimination claims under a burden-shifting framework: a plaintiff must first allege a prima facie case, and then the burden shifts to the employer to show that it was justified in not accommodating the employee's beliefs or practices. See Bolden-Hardge v. Off. of Cal. State Controller, 63 F.4th 1215, 1222 (9th Cir. 2023). To allege a prima facie failure-to-accommodate religious discrimination claim under Title VII, a plaintiff must allege that:

> (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement.

9

Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir.
2004) (citation omitted).

At issue here are the first two elements of the prima
facie case. As to the first element, a plaintiff must allege
facts demonstrating that she held a specific religious belief,
and those beliefs – as opposed to a secular reason – conflicted
with taking the COVID-19 vaccine. See Tiano v. Dillard Dep't
Stores, Inc., 139 F.3d 679, 682 (9th Cir. 1998) (noting
"Title VII does not protect secular preferences."); Nelson v.
Hawaiian Airlines, Inc., CIV. NO. 23-00603 HG-WRP, 2024 WL
4581648, *6 (D. Hawai`i Oct. 25, 2024) ("Courts must ensure that
a plaintiff's claim is truly religious in nature because
Title VII of the Civil Rights Act of 1964 does not protect
secular preferences."). "[A]lthough Title VII prohibits
employment discrimination based on religion, an employee's
request for an exemption from a COVID-19 vaccination mandate can
be denied on the ground that the employee's belief is not truly
religious in nature." Doe v. San Diego Unified Sch. Dist., 19
F.4th 1173, 1180 (9th Cir. 2021). A court need not take
"conclusory assertions of violations of . . . religious beliefs
at face value." Bolden-Hardge, 63 F.4th at 1223. "Objections to
the COVID-19 vaccine that were purely based on social,
political, or economic views, or personal preferences, or other

10

nonreligious concerns are not protected by Title VII." Nelson, 2024 WL 4581648, at *6.

In determining whether a belief is religious as opposed to secular, courts analyze whether the beliefs at issue: (1) "address[] fundamental and ultimate questions having to do with deep and imponderable matters," (2) are "comprehensive in nature," and (3) are accompanied by "certain formal and external signs." See Alvarado v. City of San Jose, 94 F.3d 1223, 1229 (9th Cir. 1996) (quoting Africa v. Pennsylvania, 662 F.2d 1025, 1032 (3d Cir. 1981)); see also Ashcroft v. S. Cal. Permanente Med. Grp., Case No. 24-cv-0035-MMA-MMP, 2025 WL 268387, at *4 (S.D. Cal. Jan. 22, 2025) (applying the Africa factors).

Plaintiffs do not allege that Medeiros has a bona fide religious belief that conflicts with the vaccine requirement. Medeiros alleges that the COVID-19 vaccine requirement "goes against her religious beliefs" and states that she "believes in Jesus Christ as her Lord and savior." [Second Amended Complaint at ¶ 154.] However, Plaintiffs do not explain how Medeiros's religious belief conflicts with Kaiser's COVID-19 vaccine requirement. "[C]ursorily invok[ing]" the "Christian faith" is insufficient "to identify any religious tenet or teaching that conflict[s] with [a COVID-19] vaccine policy." Bohlmann v. Kaiser Found. Hosps., 3:23-cv-1322-JR, 2024 WL 2984517, at *5

(D. Or. May 16, 2024);[4] see also Gage v. Mayo Clinic, No. CV-22-02091, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) ("A threadbare reference to [the plaintiff's] 'religious beliefs'" is insufficient to satisfy the first element of a prima facie case. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))).

For similar reasons, Plaintiffs fail to adequately plead the second element of Medeiros's prima facie case – that Medeiros informed her employer of her religious belief and the conflict with her employment duty. As explained above, Plaintiffs' allegations concerning Medeiros's exemption request do not explain Medeiros's religious belief nor how her practice of this belief conflicts with an employment duty.

As to Flores, while Flores alleges that his "body is a temple of the Holy spirit," [Second Amended Complaint at ¶ 140,] Flores does not explain why this belief prohibits him from receiving the COVID-19 vaccine. This is not sufficient to allege a bona fide conflicting religious belief. See Bohlmann, 2024 WL 2984517, at *5; Ashcroft v. S. Cal. Permanente Med. Grp., Case No. 24-cv-35-MMA (MMP), 2024 WL 4375781, at *4 (S.D. Cal. Oct. 2, 2024) (finding allegations that the plaintiff's body is a temple were insufficient to allege a bona fide conflicting religious belief); Craven v. Shriners Hosps. for Children, Case

---

[4] The district judge adopted the report and recommendation. Bohlmann, 2024 WL 2984498 (D. Or. June 4, 2024).

No. 3:22-cv-01619-IM, 2024 WL 21557, at *4 (D. Or. Jan. 2, 2024)
("Of course, this Court does not question the sincerity of
Plaintiff's belief that his 'body is a temple of the Holy
Spirit.' But Plaintiff's belief about the composition of his
body and that of the vaccine are independent of one another[.]'"
(internal citation omitted)); Ellison v. Inova Health Care
Servs., 692 F. Supp. 3d 548, 558-59 (E.D. Va. 2023) (rejecting
"body as a temple" allegations as insufficient); Kather v.
Asante Health Sys., No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5
(D. Or. July 28, 2023) (noting that specific plaintiffs "allege
facts that hint at religious beliefs but do not specify how
those beliefs conflict with receiving a COVID-19 vaccine," and
dismissing these claims without leave to amend). A court in this
district has stated:

> As explained by the District Court in Moli
> v. King County, 2024 WL 1860184, *4 (W.D. Wash.
> Apr. 29, 2024), "[w]hile the Court fully credits
> [their] belief that [their] body is to be
> cherished and protected as a reflection of and
> temple to [their] deity, there is no indication
> that this belief compels [them] to reject any
> particular medical intervention, injection, or
> foreign substance." Here, there are no particular
> facts to describe the actual conflict between the
> Plaintiffs' religious beliefs and the
> vaccinations at issue. See Weiss v. Permanente
> Med. Group, Inc., F. Supp. 3d, 2024 WL 4353006,
> *4 (N.D. Cal. Sept. 30, 2024) (explaining that
> generic explanations of a religious conflict are
> insufficient to state a claim because they would
> result in a limitless excuse for avoiding all
> unwanted obligations).

13

Nelson, 2024 WL 4581648, at *7 (alterations in Nelson).
Accordingly, Flores does not allege the first element of a prima
facie case of religious discrimination.

 For similar reasons, Plaintiffs fail to adequately
plead the second element of Flores's prima facie case – that
Flores informed his employer of his religious belief and the
conflict with an employment duty. As explained above,
Plaintiffs' allegations concerning Flores's exemption request do
not explain Flores's religious belief nor how his practice of
this belief conflicts with an employment duty.

 Likewise, the Second Amended Complaint does not
sufficiently allege that Myrick has a bona fide religious belief
that conflicts with Kaiser's vaccine requirement. Plaintiffs
allege that Myrick is a Christian, and that she stated "God's
word tells me to keep my body pure. Therefore, I cannot receive
a Covid vaccine under any circumstances," and "[w]e are taught
. . . that we have divine protection," and "I cannot violate my
conscience, given to me by God." [Second Amended Complaint at
¶ 155.]

 The allegations that Myrick intends to keep her body
pure are akin to Flores's accommodation request stating that his
body is a temple of the Holy Spirit, and are insufficient for
the same reasons. Myrick does not explain how her religious
belief that she must keep her body pure conflicts with receiving

the COVID-19 vaccine. As one district court has explained:
"there is no facial dissonance between a belief that God
requires us to keep our bodies pure and receipt of a vaccine.
For [the plaintiff] to plausibly allege a conflict between her
faith and Kaiser's workplace policies, she must explain why the
COVID vaccine defiles God's design." Chinnery v. Kaiser Found.
Health Plan of the Mid-Atl. States, Inc., Civil No. 1:23cv1110
(DJN), 2024 WL 3152348, at *5 (E.D. Va. June 24, 2024).

      Numerous district courts have found similar
allegations of bodily integrity and the COVID-19 vaccination
insufficient. A district court found that a plaintiff's
allegation that "[a]s a devout Christian, Plaintiff has serious
objections to taking the vaccine because it would constitute
violating her bodily integrity and tainting the purity of her
body," was conclusory and failed to state a claim. Medlin v.
PeaceHealth, Civ. No. 6:23-cv-00012-AA, 2024 WL 712692, at *3
(D. Or. Feb. 21, 2024). Another district court determined that a
plaintiff's exemption request, which stated her belief that the
COVID-19 vaccine "with its numerous additives and mechanisms for
altering my body, directly violates the command to offer my body
as a living sacrifice to God and violates God's command to not
contaminate my body and spirit," and that taking the vaccine
"may compromise my health and ability to work for God and others
the way God has intended me, and go against what God is telling

15

me to do at this time," were insufficient to allege a bona fide conflicting religious belief with the vaccine requirement. <u>Riser v. St. Charles Health Sys., Inc.</u>, Civ. No. 6:23-cv-01720-AA, 2024 WL 2864405, at *5 (D. Or. June 6, 2024); <u>see also</u> <u>Trinh v. Shriners Hosps. for Child.</u>, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. Oct. 23, 2023) (finding the plaintiff's objections to taking the COVID-19 vaccine based on "bodily integrity" and "the purity of [the plaintiff's] body" conclusory, and dismissing the plaintiff's claim for religious discrimination with leave to amend).[5]

A court in this district determined that similar conclusory allegations about one's body being a temple or bodily integrity were insufficient to state a claim for relief, because the plaintiffs did not allege "sufficient facts to determine the conflict with their religious beliefs, to evaluate if their religious beliefs prevent them from receiving any medical treatment at all, or to understand the tenet of their beliefs that allegedly prevents them from receiving the particular COVID-19 vaccinations at issue[.]" <u>Nelson</u>, 2024 WL 4581648, at *7. The same defects are evident in Myrick's allegations. For these reasons, Myrick does not sufficiently allege the first element of her prima facie case of religious discrimination.

---

[5] The district judge adopted the report and recommendation. <u>Trinh</u>, 2023 WL 7521441 (D. Or. Nov. 13, 2023).

For similar reasons, Plaintiffs fail to adequately plead the second element of Myricks's prima facie case – that Myrick informed her employer of her religious belief and the conflict with an employment duty. As explained above, Plaintiffs' allegations concerning Myrick's exemption request do not explain Myrick's religious belief nor how her practice of this belief conflicts with an employment duty.

Accepting all of Plaintiffs factual allegations as true, Plaintiffs have failed to allege sufficient factual matter to state a plausible claim for relief as to Flores's, Medeiros's, and Myrick's claims in Counts I and III. See Iqbal, 556 U.S. at 678. Accordingly, Flores's, Medeiros's, and Myrick's claims in Counts I and III are dismissed. The Court has significant doubts that Plaintiffs will be able to cure Flores's, Medeiros's and Myrick's claims in Counts I and III, because, for the second element of a prima facie case, "the conflict a Title VII Plaintiff alleges [with a COVID-19 vaccination requirement] must be the same conflict of which he informed his employer." See Craven, 2024 WL 21557, at *4 n.3. Nonetheless, the Court grants Plaintiffs the opportunity to amend these claims, because Plaintiffs have not included the entirety of Flores's, Medeiros's, and Myrick's accommodation requests to Defendants. See Second Amended Complaint at ¶¶ 140, 154-55. Accordingly, it may be possible for Plaintiffs to cure

17

the deficiencies in Flores's, Medeiros's and Myrick's claims in Counts I and III. See, e.g., Medlin, 2024 WL 712692, at *4 ("[T]he Court cannot rule out the possibility that Plaintiff could plead facts establishing that she informed her employer of a conflict between her religious beliefs and the vaccine requirement. In light of the liberal policy concerning amendment, Plaintiff shall be given leave to file an amended complaint to correct the deficiencies identified by this Order."); see also Weiss v. Permanente Med. Grp., Inc., 738 F. Supp. 3d 1217, 1225 (N.D. Cal. 2024) (granting judgment on the pleadings as to the plaintiff's failure-to-accommodate claims for failure to adequately inform the defendant of the conflict between the plaintiff's religious belief and the vaccine requirement, but granting the plaintiff leave to amend despite it "appear[ing] that amendment would be futile").

## II.  Retaliation Claims – Counts II and IV

Title VII prohibits an employer from retaliating against an employee on the basis of the employee's opposition to practices or actions prohibited by Title VII. See 42 U.S.C. § 2000e-3(a). Likewise, Hawai`i Revised Statutes Section 378-2 makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice prohibited by this part[.]" Haw. Rev. Stat. § 378-2(a)(2). To allege a prima facie case of

18

retaliation under these two statutes, a plaintiff must allege
that "(1) he engaged in protected activity, (2) his employer
subjected him to an adverse employment action; and (3) a causal
link exists between the protected activity and the adverse
action." Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000)
(citation omitted) (stating the elements for Title VII); Aoyagi,
140 F. Supp. 3d at 1059 (noting the elements are the same under
Hawai`i law).

Defendants argue that Flores's, Medeiros's, and
Myrick's retaliation claims fail because they do not allege
facts establishing that they engaged in any protected activity,
or facts establishing a causal relationship between their
alleged protected activity and the termination of their
employment. Defendants argue Flores, Medeiros, and Myrick cannot
show they were terminated for submitting their religious
accommodation request, instead of being terminated for failing
to comply with the Policy by not getting a COVID-19 vaccine.
[Flores Motion, Mem. in Supp. at 12-17; Medeiros Motion, Mem. in
Supp. at 12-17; Myrick Motion, Mem. in Supp. at 12-17.]

Defendants are correct: Plaintiffs fail to allege that
Flores, Medeiros, and Myrick faced adverse employment action due
to their exemption request, rather than due to their non-
compliance with the Policy. Plaintiffs must allege that
Flores's, Medeiros's, and Myrick's alleged protected activity,

19

here their submission of exemption requests, "was a but-for cause of the alleged adverse action by the employer." See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013). Plaintiffs' allegations demonstrate that the but-for cause of the alleged adverse action – placing Flores, Medeiros, and Myrick on unpaid leave and ultimately terminating them – was their lack of compliance with the Policy, rather than their request for exemption. See Leake v. Raytheon Techs. Corp., No. 23-15320, 2024 WL 1854287, at *2 (9th Cir. Apr. 29, 2024) ("As the district court recognized, the complaints' allegations confirm that the but-for cause of Plaintiffs' termination was not their religious objections to the vaccine, but rather Plaintiffs' refusal to comply with the conditions that [the employer] neutrally imposed on all non-vaccinated employees." (internal quotation marks omitted));[6] Weiss, 2023 WL 8420974, at *4 ("[The plaintiff] fails to provide sufficient facts establishing that she was terminated as a result of her exemption request and not because she failed to comply with the [p]olicy, which clearly mandated all employees be vaccinated unless an exemption is granted . . . ."); Ashcroft v. S. Cal. Permanente Med. Grp., 2025 WL 268387, at *6 (similar); see also

---

[6] The United States Supreme Court denied certiorari. Leake, 145 S. Ct. 428 (Oct. 21, 2024).

Andazola v. Permanente, Case No. CV 23-10904-GW-BFMx, 2024 WL
3914610, at *9 (C.D. Cal. July 26, 2024) (similar).[7]

Accepting all of Plaintiffs factual allegations as
true, Plaintiffs have failed to allege sufficient factual matter
to state a plausible claim for relief as to Flores's,
Medeiros's, and Myrick's claims in Counts II and IV. See Iqbal,
556 U.S. at 678. Accordingly, Counts II and IV brought by
Flores, Medeiros, and Myrick are dismissed.[8] Because it is
arguably possible for Plaintiffs to allege additional facts to
cure the defects in Flores's, Medeiros's, and Myrick's claims,
the Court grants Plaintiffs the opportunity to amend these
claims. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th
Cir. 2018); see also Ashcroft v. S. Cal. Permanente Med. Grp.,
2025 WL 268387, at *8 (granting leave to amend to a plaintiff
bringing similar retaliation claims based on a request for

_____

[7] The tentative ruling was adopted as the final ruling.
Andazola v. Kaiser Permanente, Case No. CV 23-10904-GW-BFMx,
2024 WL 4581515 (C.D. Cal. July 29, 2024).

[8] In light of the dismissal on causation grounds, the Court
does not address Defendants' argument that Flores's, Medeiros's,
and Myrick's requests for religious accommodation do not
constitute protected activity under Title VII. The Court notes
that this issue is unsettled in the Ninth Circuit. See Enriquez
v. Gemini Motor Transp. LP, No. CV-19-04759-PHX-GMS, 2021 WL
5908208, at *7 (D. Ariz. Dec. 14, 2021) ("Although the Ninth
Circuit has not decided whether requesting a religious
accommodation constitutes 'oppos[ing] . . . an unlawful
employment practice,' the Eighth Circuit has determined that it
does not." (alterations in Enriquez) (citing EEOC v. N. Memorial
Health Care, 908 F.3d 1098 (8th Cir. 2018))).

21

accommodation to a vaccine requirement). Insofar as the Flores
Motion, Medeiros Motion, and Myrick Motion request dismissal of
all claims with prejudice; see Flores Motion, Mem. in Supp. at
18-19; Medeiros Motion, Mem. in Supp. at 18-19; Myrick Motion,
Mem. in Supp. at 18-19; that request is denied.

## IV.  Aiding and Abetting Claim – Count V

Defendants argue Count V is pleaded only against Doe
defendants, which is generally improper in federal court, and
Plaintiffs allege no facts supporting Count V. [Flores Motion,
Mem. in Supp. at 17-18; Medeiros Motion, Mem. in Supp. at 17-18;
Myrick Motion, Mem. in Supp. at 17-18.]

Hawai`i Revised Statutes Section 378-2(a)(3) makes it
unlawful for any person "to aid, abet, incite, compel, or coerce
the doing of any of the discriminatory practices forbidden by
this part, or to attempt to do so[.]"

> The Federal Rules of Civil Procedure neither
> authorize nor expressly prohibit the use of
> fictitious parties, although Rule 10 requires a
> Plaintiff to include the names of all parties in
> the action in his complaint. Fed. R. Civ.
> P. 10(a). The use of doe defendants is generally
> disfavored because, as a practical matter, it is
> impossible in most instances for the United
> States Marshal to serve an anonymous defendant.
>
> If the names of individual defendants are
> unknown at the time a complaint is filed,
> however, a plaintiff may refer to unknown
> defendants as Defendant John Doe 1, John Doe 2,
> John Doe 3, and so on, but he must go further and
> allege facts to support how each particular doe
> defendant violated his . . . rights. The

> plaintiff may thereafter use the discovery
> process to obtain the names of doe defendants and
> seek leave to amend to name those defendants,
> unless it is clear that discovery would not
> uncover the identities, or that the complaint
> would be dismissed on other grounds. See
> Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th
> Cir. 1999) (citing Gillespie v. Civiletti, 629
> F.2d 637, 642 (9th Cir. 1980)).

Seina v. Fed. Det. Ctr. Honolulu, CIV. NO. 16-00051 LEK/BMK,

2016 WL 916367, at *9 (D. Hawai`i Mar. 7, 2016); see also

Hollandsworth v. City & Cnty. of Honolulu, 440 F. Supp. 3d 1163,

1185 (D. Hawai`i 2020) (noting doe defendant pleading is

generally improper in federal court, but can be permissible to

allow plaintiffs the opportunity to conduct discovery to

identify unknown defendants).

Here Plaintiffs allege no "facts to support how each

particular doe defendant violated [their] [] rights." See Seina,

2016 WL 916367, at *9; see also Second Amended Complaint at

¶¶ 185-87. Accordingly, Flores's, Medeiros's, and Myrick's

claims against Doe defendants are dismissed. If Plaintiffs

decide to file a third amended complaint, Plaintiffs must

provide specific facts regarding how Doe defendants violated

Flores's, Medeiros's, and Myrick's rights. If Plaintiffs provide

such details, and the third amended complaint is not otherwise

subject to dismissal, Plaintiffs may later be allowed to

discover their identities and amend the pleadings accordingly.

Until then, Count V brought by Flores, Medeiros, and Myrick is dismissed.[9]

## CONCLUSION

On the basis of the foregoing, Defendant Kaiser Foundation Hospitals' Motion to Dismiss Claims of Plaintiff Ed Flores; Kaiser Foundation Health Plan, Inc.'s Motion to Dismiss Claims of Plaintiff Kimberly Medeiros; and Maui Health System's Motion to Dismiss Claims of Plaintiff Kendra Myrick; all filed December 12, 2024, [dkt. nos. 41-43,] are GRANTED IN PART AND DENIED IN PART. These motions are GRANTED insofar as all of Flores's, Medeiros's, and Myrick's claims are DISMISSED. These motions are DENIED insofar as the dismissal of these claims are WITHOUT PREJUDICE.

The Court will set a deadline for filing a third amended complaint once the remaining outstanding motions to dismiss regarding other plaintiffs are ruled upon. See dkt. nos. 44-46, 48-62. Plaintiffs are CAUTIONED that, if they fail to comply with the deadline to file the third amended complaint that the Court sets, the claims in the Second Amended Complaint that were dismissed without prejudice will be dismissed with prejudice.

IT IS SO ORDERED.

---

[9] The Court notes that Count V brought by the other plaintiffs likely fails for similar reasons.

DATED AT HONOLULU, HAWAII, March 28, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**CHERAME CRUZ, ET AL. VS. KAISER FOUNDATION HOSPITALS, ET AL; CV 23-00630; ORDER GRANTING IN PART AND DENYING IN PART:  KAISER FOUNDATION HOSPITAL'S MOTION TO DISMISS CLAIMS OF PLAINTIFF ED FLORES; KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS CLAIMS OF PLAINTIFF KIMBERLY MEDEIROS; AND MAUI HEALTH SYSTEM'S MOTION TO DISMISS CLAIMS OF PLAINTIFF KENDRA MYRICK**